UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>**HAN-HSIEN TUAN, AKA HAN TUAN,**<br><br>Debtor. | Civ. No. 2:13-00324 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Appellants DeHeng Chen, LLC ("DeHeng") and Rong Xie, Esq. ("Xie") appeal the Bankruptcy Court's November 21, 2012 Order disallowing DeHeng's claim in Bankruptcy Case No. 12-19848 and dismissing its related Adversary Case No. 12-01766. For the reasons stated below, the Bankruptcy Court's decision is **AFFIRMED**.

**I.     BACKGROUND**

Debtor Han-Hsien Tuan ("Tuan") filed a Chapter 13 Voluntary Petition on April 16, 2012. (Chapter 13 Voluntary Pet., Apr. 16, 2012, available at Bankr. Case No. 12-19848, ECF No. 1.)[1] That same day, Tuan also filed his first proposed Chapter 13 Plan. (Chapter 13 Plan and Motions, Apr. 16, 2012, available at Bankr. Case No. 12-19848, ECF No. 2.) On April 17, 2012, the Bankruptcy Court filed a notice stating that the first meeting of creditors would occur on May 22, 2012 and setting August 20, 2012 as the bar

---

[1] This Court takes judicial notice of the bankruptcy docket and other filings that were not part of the designated record on appeal. *See, e.g.*, *U.S. v. Falcone*, 2010 WL 1372435, at *1 n.1 (D.N.J. Mar. 31, 2010) (holding court may take judicial notice of public records from other proceedings).

1

date for filing proofs of claim. (Meeting of Creditors and Notice of Appointment of Trustee Marie-Ann Greenberg, Apr. 17, 2012, available at Bankr. Case No. 12-19848, ECF No. 4.)

Creditor DeHeng, a law firm, claims that it never received payment for legal services that it provided Tuan. (Objection to Confirmation of Plan 1-2, July 5, 2012, available at Bankr. Case No. 12-19848, ECF No. 24.) DeHeng has a pending lawsuit in New York state court seeking recovery of those fees. (Objection to Confirmation of Plan 2, July 5, 2012.) DeHeng filed two related objections to the Chapter 13 Plan, one on June 8, 2012 and the other on July 5, 2012. (Objection to Confirmation of Plan, June 8, 2012, available at Bankr. Case No. 12-19848, ECF No. 15; Objection to Confirmation of Plan, July 5, 2012.) On July 27, 2012, DeHeng also commenced an adversary case against Tuan alleging non-dischargeability, false pretenses, false representation and fraud (the "Adversary Proceeding"). (Compl. ¶¶ 19-24, available at Bankr. Case No. 12-19848, ECF No. 28.)

DeHeng was admittedly aware of the August 20, 2012 bar date for filing proofs of claim. (Objection to Confirmation of Plan 1, July 5, 2012) Nevertheless, DeHeng failed to file its proof of claim until August 21, 2012. (Objection to Claim, Ex. A, at 1, Sept. 18, 2012, available at Bankr. Case No. 12-19848, ECF No. 29.) Accordingly, Tuan filed an objection seeking to disallow DeHeng's claim as untimely. (Objection to Claim 1.) Tuan also filed a motion to dismiss the Adversary Proceeding, because it was filed after

the statute of limitations under Federal Rule of Bankruptcy Procedure 4007(c).[2] (Mot. to Dismiss, Aug. 22, 2012, available at Bankr. Case No. 12-01766, ECF No. 4.)

The Honorable Donald H. Steckroth, U.S.B.J., entered an order granting Tuan's motion to dismiss the Adversary Proceeding on October 10, 2012. (Order, October 10, 2012, available at Bankr. Case No. 12-01766, ECF No. 9.) Then, at a hearing on November 14, 2012, Judge Steckroth also granted Tuan's objection to the proof of claim (the "November Hearing"). (Hr'g Tr. 11:12-13, Nov. 14, 2012, available at Bankr. Case No. 12-19848-DHS, ECF No. 55.) Accordingly, on November 21, 2012, Judge Steckroth entered an order disallowing the claim (the "November Order"). (Order, Nov. 20, 2012, available at Bankr. Case No. 12-19848, ECF No. 41.) For reasons that are not entirely clear, the November Order also referenced the previously dismissed Adversary Proceeding, this time dismissing it as moot. DeHeng, which blames the post office for its failure to timely file the proof of claim, appeals the November Order. (Hr'g Tr. 5:18-6:4.)

## II. LEGAL ANALYSIS

The Bankruptcy Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1334. This Court lacks jurisdiction over certain aspects of this appeal and has jurisdiction over the remainder pursuant to 28 U.S.C. § 158(a). On appeal, this Court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for

---

[2] Rule 4007(c) provides that ". . . a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a)."

clear error, and its exercise of discretion for abuse thereof." *Hefta v. Official Comm. of Unsecured Creditors (In re American Classic Voyages Co.)*, 405 F.3d 127, 130 (3d Cir. 2005). Where a case presents mixed questions of law and fact, this Court will apply the relevant standard to each component of the issue. *In re Sharon Steel Corp.,* 871 F.2d 1217, 1222-23 (3d Cir. 1989).

DeHeng and Xie raise six issues on appeal, which can be boiled down to four issues: (1) whether the Bankruptcy Court erred by holding that the proof of claim was untimely filed; (2) whether the Bankruptcy Court erred in determining that "excusable neglect" did not permit the late filing of the proof of claim; (3) whether the Bankruptcy Court properly determined that the Objection to Confirmation of Plan filed on July 5, 2012 (the "Objection to Confirmation") was not an informal proof of claim; and (4) whether the Bankruptcy Court properly dismissed the Adversary Proceeding.

This Court lacks jurisdiction over Xie's appeal in its entirety, as well as DeHeng's appeal concerning the fourth issue, and will consider these jurisdictional issues *sua sponte*. *Adapt of Phila. v. Phila. Hous. Auth.*, 433 F.3d 353, 361 n. 10 (3d Cir. 2006) (noting a court's inherent obligation to consider *sua sponte* whether it has appellate jurisdiction over a particular claim); *Steele v. Blackman*, 236 F.3d 130, 134 n. 4 (3d Cir. 2001) ("[W]e are required to raise issues of standing *sua sponte* if such issues exist."). The Court will then address the remaining three issues in turn.

A. **Jurisdictional Issues**

  i. **Xie lacks standing to appeal the November Order.**

Xie lacks standing to appeal the November Order. Standing to appeal an order of a bankruptcy court is limited to persons aggrieved by that order. *Gen. Motors Acceptance Corp. v. Dykes (In re Dykes)*, 10 F.3d 184, 187-88 (3d Cir. 1993). An individual is personally aggrieved if his "rights or interests are directly and adversely affected pecuniarily" by an order. *Id.* at 187 (finding that an individual who never filed a formal or informal proof of claim lacked standing to challenge an order of distribution). A showing of potential harm incidental to the order is not enough. *In re Combustion Engineering, Inc.*, 391 F.3d 190, 215 (3d Cir. 2004). Accordingly, the Third Circuit has held that an individual shareholder and president of a corporation was not a "person aggrieved" by an order entered against the corporation, and therefore lacked standing to challenge the order. *In re EToys, Inc.*, 234 Fed. App'x. 24, 25 (3d Cir. 2007). Whether a litigant has standing to appeal a bankruptcy court order is a question of fact for the district court. *In re Dykes*, 10 F.3d at 188.

It is unclear why Xie, who represented DeHeng before the Bankruptcy Court, was joined as an appellant in this appeal. The November Order does not mention Xie. Rather, the November Order concerned DeHeng's, not Xie's, claim and adversary proceeding. Nor does Xie gain standing by virtue of being DeHeng's employee. Accordingly, similar to the individual in *In re EToys*, Xie is not a "person aggrieved" by the November Order. 234 Fed. App'x. at 25 (finding that a shareholder-president could

not appeal an order entered against his corporation, because a corporation is a separate legal entity and the order denied the corporation's, not the shareholder-president's, motion). Thus, Xie lacks standing, and this Court lacks jurisdiction over his appeal.

### ii. Deheng's appeal regarding the Adversary Proceeding is untimely.

The Court also lacks jurisdiction over DeHeng's appeal concerning the Adversary Proceeding. Judge Steckroth originally dismissed DeHeng's Adversary Proceeding with prejudice on October 10, 2012, because DeHeng's claim was filed after the statute of limitations under Bankruptcy Rule 4007(c). (Order, October 10, 2012, available at Bankr. Case No. 12-01766, ECF No. 9.) For reasons that are not entirely clear, the Bankruptcy Court reopened the Adversary Proceeding to enter the November Order, this time dismissing the Adversary Proceeding as moot. DeHeng is attempting to appeal this second order.

Under Federal Rule of Bankruptcy Procedure 8002(a), a party seeking to appeal an order must file a notice within fourteen days. Failure to file a timely notice is a jurisdictional defect barring appellate review. *In re Caterbone*, 640 F.3d 108, 113 (3d Cir. 2011). Furthermore, when a court reenters a judgment without altering the substantive rights of the litigants, the entry of the second judgment does not affect the time within which a party must appeal the decisions made in the first order. *Federal Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211-12 (1952). Rather, the clock begins to tick when the first order is entered. *See In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) (stating that "if, after filing a final disposition, a court files

a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period").

The clock for DeHeng's appeal of the dismissal of the Adversary Case began ticking on October 10, 2012 and expired on October 24, 2012. DeHeng's notice of appeal was filed on November 27, 2012. (Notice of Appeal, November 27, 2012, available at Bankr. Case No. 12-19848, ECF No. 44.) Thus, DeHeng's appeal of the dismissal of the Adversary Proceeding is untimely, and the Court lacks jurisdiction over this portion of DeHeng's appeal.

**B. The Bankruptcy Court correctly held that the proof of claim was time-barred.**

Moving to the issues that the Court has jurisdiction to consider, DeHeng challenges the Bankruptcy Court's holding that the proof of claim was untimely. The Court reviews this factual finding for clear error. *In re Outboard Marine Corp.*, 386 F.3d 824, 827 (7th Cir. 2004). DeHeng also argues that the Bankruptcy Court should have found its proof of claim to be timely, because it was postmarked August 17, 2012, a legal determination that the Court reviews *de novo*. *In re Chrysler Motors Corp. v. Schneiderman*, 940 F.2d 911, 914 n. 3 (3rd Cir. 1991).

Under Federal Rule of Bankruptcy Procedure Rule 3002(c), unsecured creditors in a Chapter 13 case must file a proof of claim within ninety days of the first scheduled date for the meeting of creditors, with certain exceptions that do not apply to the instant case. This bar date is equivalent to a statute of limitations. *Clark v. Valley Fed. Sav. and Loan Ass'n (In re Reliance Equities, Inc.)*, 966 F.2d 1338, 1345 (10th Cir. 1992). If a creditor

fails to file a timely claim, then its claim will be disallowed. Fed. R. Bankr. P. 3002(a); *In re Dennis*, 230 B.R. 244, 249 (Bankr. D.N.J. 1999). Furthermore, Rule 3002 explicitly states that "an unsecured creditor . . . must *file* its proof of claim or interest [emphasis added]." Filing requires delivery to the court. *Chrysler Motors Corp.*, 940 F.2d at 914. Accordingly, a mailing is not a filing. *Id.*

Here, the date set for the first meeting of creditors was May 22, 2012. Thus, the bar date for filing proofs of claims was August 20, 2012. DeHeng, an unsecured creditor, did not file its proof of claim until August 21, 2012. DeHeng argues that the Bankruptcy Court should have found its proof of claim to be timely, because it was postmarked August 17, 2012. However, a mailing does not constitute a filing. Therefore, the proof of claim was time-barred, and the Bankruptcy Court correctly disallowed the claim. The Court affirms its holding.

### C. **The Bankruptcy Court correctly determined that excusable neglect does not apply to this Chapter 13 case.**

DeHeng also challenges the Bankruptcy Court's determination that excusable neglect does not apply to this Chapter 13 case, a question of law that we review *de novo*. *Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). Federal Rule of Bankruptcy Procedure 9006 enumerates the filing deadlines that cannot be extended for excusable neglect. *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 389 n.4 (1993). One of those excluded deadlines is that for filing proofs of claim in a Chapter 13 case. Fed. R. Bankr. P. 9006(b)(3). Thus, as the Bankruptcy Court correctly

determined, excusable neglect does not apply to this Chapter 13 case. The Court affirms this holding.

### D. The Bankruptcy Court did not abuse its discretion by refusing to view the Objection to Confirmation as an informal proof of claim.

Finally, DeHeng argues that the Bankruptcy Court should have treated its Objection to Confirmation as an informal proof of claim that could be amended post bar date. We review *de novo* the question of law as to whether DeHeng's Objection to Confirmation constitutes an informal proof of claim. *In re American Classic Voyages Co.*, 405 F.3d at 130. But, we review any balancing of the equities by the Bankruptcy Court in connection with this determination for abuse of discretion. *Nikoloutsos v. Nikoloutsos (In re Nikoloutsos)*, 199 F.3d 233, 235-36 (5th Cir. 2000).

The informal proof of claim doctrine permits a bankruptcy court to treat a late formal proof of claim as timely because it relates back to a document – the informal proof of claim – filed before the bar date. *Grubb v. Pittsburg Nat'l Bank (In re Grubb)*, 169 B.R. 341, 347 (Bankr. W.D. Pa. 1994). The Third Circuit uses a five-part test to determine whether a document qualifies as an informal proof of claim. *In re Am. Classic Voyages Co.*, 405 F.3d at 130-31 (3d Cir. 2005). Specifically, a document constitutes an informal proof of claim if: 1) it is in writing, 2) it contains a demand by the creditor on the estate, 3) it expresses an intent to hold the debtor liable for the debt, 4) it is filed with the bankruptcy court, and 5) given the facts of the case, it would be equitable to treat the document as a proof of claim. *Id.* A document must satisfy each part of this test to

qualify as an informal proof of claim. *In re Petrucci*, 256 B.R. 704, 706 (Bankr. D.N.J. 2001).

The debate here centers on the fifth prong of the test – whether it would be equitable to treat the document as an informal proof of claim. The doctrine is less likely to apply where the claimant is sophisticated, had actual notice of the bar date, and was intimately involved in the debtor's case. *See In re Outboard Marine Corp.,* 386 F.3d 824, 828 (7th Cir. 2004) (finding that a creditor did not meet the fifth prong of the test where it had actual notice of the bar date and still failed to timely file); *In re Grubb*, 169 B.R. at 248-49 (finding the equitable prong unfulfilled where the creditor was sophisticated, was intimately engaged in the debtor's case, and had received notice of the claims bar date). Additionally, courts are less likely to employ the doctrine where the creditor is represented by counsel. *In re Outboard Marine Corp.*, 386 F.3d at 828. Attorneys practicing in the bankruptcy court are charged with a general knowledge of the Federal Rules of Bankruptcy Procedure. *In re Grubb*, 169 B.R. at 348-49. As such, they "are expected to file the appropriate thing at the appropriate time." *In re Fink*, 366 B.R. 870, 877 (Bankr. N.D. Ind. 2007) (refusing to invoke the doctrine where a represented creditor filed a claim for $3.2 million one day late). Finally, courts are less likely to employ the doctrine if permitting the late claim would significantly affect the payout to creditors with timely filed claims. *In re Outboard Motor Corp.*, 386 F.3d at 828-29.

DeHeng claims that the Bankruptcy Court failed to acknowledge its argument that the Objection to Confirmation constituted an informal proof of claim. However, the

Bankruptcy Court explicitly acknowledged DeHeng's argument at the November Hearing. (Hr'g Tr. 11:8-11:13.) Moreover, based on the record before this Court, the Bankruptcy Court did not abuse its discretion in finding that DeHeng failed to satisfy the fifth prong of the test. The hearing transcript indicates that DeHeng, a law firm, was a sophisticated creditor represented by one of its own attorneys before the Bankruptcy Court. (Hr'g Tr. 4:19-5:1.) Furthermore, DeHeng and its attorney were admittedly aware of the bar date. (Hr'g Tr. 5:18-19.) Finally, the transcript shows that allowing DeHeng's claim to proceed would create delay for the creditors with timely filed claims, as its claim is contingent upon a finding of liability in New York state court. (Hr'g Tr. 6:18-7:6.)

The only excuse that DeHeng and Xie offered for the untimely filing was that the post office assured them that the proof of claim, which was mailed on Friday, August 17, 2012, would be delivered by Monday, August 20, 2012. (Hr'g Tr. 5:20-5:23.) Moreover, even though DeHeng's Adversary Proceeding had previously been dismissed for similar reasons, DeHeng does not mention taking any steps to confirm that the proof of claim had arrived at the Bankruptcy Court. (Hr'g Tr. 3:24-4:4.) Based on these facts, the Bankruptcy Court was well within its discretion in finding that the equities did not warrant treating the Objection to Confirmation as an informal proof of claim. Accordingly, the Objection to Confirmation failed to satisfy the fifth prong of the test, and the Bankruptcy Court correctly determined that it did not qualify as an informal proof of claim. The Court affirms this determination.

## III. CONCLUSION

For the reasons stated above, Xie's entire appeal, and DeHeng's appeal regarding the Adversary Proceeding, are **DISMISSED**, and the November Order is **AFFIRMED**. An appropriate Order follows.

                                                /s/ William J. Martini
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: October 25, 2013**